### AKRON COCA COLA BOTTLING CO v BRANNOCK

Ohio Appeals, 9th Dist, Summit Co

No 2430. Decided Oct 12, 1934

Lewis A. Seikel, Akron, George Hargreaves, Akron, and Scott Kenfield, Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The record in this case discloses that the Coca Cola in question was manufactured by the defendant company and by it sold to one William Knotts, who in turn sold the bottle in question to the plaintiff. It further appears that, from the time the bottle from which the plaintiff drank was delivered to said Knotts, no one had access to said bottle except Knotts, his wife, and one Keeney, all of whom testified that said bottle had not been tampered with in any way, and was in the condition in which it was delivered by the manufacturer when opened and sold to the plaintiff.

The defense interposed by the defendant was based upon the proposition that, by reason of the machinery used in the manufacture of said product, it was highly improbable, and in fact impossible, for the mouse in question to have gotten into the bottle during the manufacturing process.

Considering the fact that the product in question was one for human consumption, the manufacturer thereof was, under the law, held to a very high degree of care to turn out its product in a wholesome condition. Whether or not the defendant in this case did so turn out its product, was essentially a question for the determination of the jury, and after a consideration of the entire record, we cannot conclude that the verdict of the jury, finding as it did that the defendant was guilty of negligence in permitting the bottle to be offered for sale in the condition in which it was sold, was manifestly against the weight of the evidence.

The second error assigned has to do with the testimony of Drs. Springer and Evans. It is asserted by the defendant that these doctors were called for the sole purpose of examining plaintiff so that they might testify in this action, and not for the purpose of treating plaintiff for his ailments, and that the doctors were called upon to answer hypothetical questions which were in part based upon the history of the case as related to them by plaintiff.

This contention is sufficiently answered by the observation that the record does not bear out defendant's contention in that respect, but on the contrary shows that both doctors were called for the purpose of administering to plaintiff, and that both did treat him after their respective examinations. Both doctors, as part of their examinations, of course, took a history of the case, and in part may have predicated their opinions upon that history, but the record conclusively shows that they made objective examinations, and hence, were in a position to testify from objective as well as subjective findings. We find no error in the admission of the doctors' testimony.

Complaint is made that the court failed to properly define the issues in the case to the jury.

The court's charge, as contained upon page 247 of the record, entirely negatives this contention.

It is further contended that the court sent the pleadings to the jury room without cautioning the jury that the pleadings were not evidence.

It is a well recognized rule of law that, whether or not the pleadings shall be sent with the jury to its jury room, is a matter which rests in the sound discretion of the trial judge, and when it is considered that the pleadings in this case were read to the jury in the charge of the court, we are unable to conclude that any error prejudicial to the rights of the defendant could have intervened by reason of the sending of said pleadings to the jury room. The record discloses no request by counsel for the defendant that the trial judge caution the jury that the pleadings were not evidence, and hence that error is one of omission rather than commission, and does not

constitute error upon which a reversal may properly be based.

We have carefully considered the question of the alleged contributory negligence upon the part of the plaintiff, and it is our conclusion that the verdict of the jury finding the plaintiff not to be guilty of contributory negligence, is not manifestly against the weight of the evidence.

From a consideration of the entire record, we are unable to say that the verdict returned by the jury is excessive, and it is the opinion of this court that substantial justice has been accomplished in the trial of this case.

The judgment will therefore be affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.